IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL DAVIS, | No. CIV S 06-02449 DFL DAD |
|     Plaintiff, | Memorandum of Opinion and Order |
|     v. | |
| ADVANCED CARE TECHNOLOGIES, INC., a Connecticut corporation; WORLD WIDE TECHNOLIGIES, LLC, a Connecticut limited liability company; and BRACHYSCIENCES, INC., a Connecticut corporation, and DOES 1-10, | |
|     Defendants.      / | |

    Plaintiff Paul Davis moves to remand this diversity case on grounds that defendants have failed to demonstrate the requisite amount in controversy.  Because it is clear that over $75,000 is in controversy, the motion is DENIED.

## I. Facts

    From 2003 until October 2006, Davis worked for defendants, a coalition of pharmaceutical companies, first as a sales

1

representative and then as sales manager for the western United States.  Defendants develop and market brachytherapy products such as radioactive "seeds" used to treat prostate and other cancers.  Plaintiff signed a confidentiality and non-competition agreement that forbids him from revealing defendants' trade secrets or working for a competing company for two years after leaving defendants' employ.

While he was defendants' sales manager, plaintiff generated over two million dollars in sales.  In 2005, defendants paid plaintiff $80,016 in salary and over $70,000 in commissions, plus benefits.

In October 2006, Davis resigned and became western regional sales manager for a competing purveyor of brachytherapy products.  Aware that defendants had sought to enforce noncompetition agreements against other employees, in October 2006 Davis filed an action in Sacramento Superior Court seeking a declaratory judgment that the noncompetition provisions of his contract with defendants are unenforceable under California law. His suit did not challenge the contract's requirement that he not disclose defendants' confidential information.

Defendants timely filed notice of removal based on diversity.  Davis does not contest that the parties are diverse (he is a California citizen, whereas defendants are citizens of Connecticut), but he seeks remand on grounds that the amount in

controversy requirement is not met.  Defendants assert that well over $75,000 is in controversy.

## II. Analysis

The burden of establishing federal jurisdiction rests on the defendant seeking removal.  Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 682-83 (9th Cir. 2006).  This includes establishing the requisite amount in controversy of more than $75,000.  Id.; see 28 U.S.C. § 1332.  If it is "facially apparent" from the complaint that the plaintiff seeks damages sufficient to create federal jurisdiction, then the case should be remanded "only if it appears to a legal certainty that the claim is actually for less than the jurisdictional minimum." Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997); Abrego Abrego, 443 F.3d at 683 n.8 (citations and internal quotation marks omitted).

Davis makes two arguments for the proposition that the jurisdictional amount-in-controversy requirement is not met. First, he argues that his challenge to the contract's noncompetition provisions does not implicate defendants' trade secrets – which unquestionably are worth far more than $75,000 – because the contract contains separate nondisclosure provisions. According to Davis, if the purpose of the noncompetition provisions were to protect defendants' trade secrets, then the contract's separate confidential information provisions "would

be redundant and surplusage." Davis's second argument is that because California law prohibits noncompetition agreements, the noncompetition provisions in his contract with defendants have no value.

Defendants effectively refute both arguments. They persuasively argue that the nondisclosure and noncompetition provisions of the contract work in concert to protect their trade secrets – the nondisclosure provisions punitively, by creating a cause of action after a disclosure; the noncompetition provisions prophylactically, by creating a cause of action for conduct likely to lead to disclosure. Davis's argument rests on the fallacy that if one contract provision is aimed at protecting a particular interest, another provision cannot be aimed at protecting the same interest.

Davis's second argument is also unpersuasive. He argues that because the noncompetition provisions of the contract are void under California law,[1] their value to defendants is zero. But just because Davis asserts a possibly meritorious defense to liability on the contract does not mean the value of the contract is not in controversy. First, as defendants argue, it

---

[1] California Business and Professions Code § 16600 provides that "every contract by which anyone is restrained from engaging in a lawful profession, trade or business of any kind is to that extent void."

4

is not certain that California law governs this case.  The contract contains a choice-of-law provision stating that Connecticut law controls.  "California courts generally respect contractual choice-of-law clauses." VFD Consulting, Inc. v. 21st Services, 425 F.Supp.2d 1037, 1046 (N.D. Cal. 2006) (citing Nedlloyd Lines v. Superior Court, 3 Cal. 4th. 459, 464-65 (1992).[2]

    Second, and more important, a court cannot consider the validity of possible defenses in determining the amount in controversy on a motion for remand.  See Kovacs v. Chesley, 406 F.3d 393, 396 (6th Cir. 2005) (citing St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289 (1938)).  Otherwise, a court would have to examine the merits before determining whether it had jurisdiction, which would be to put the cart

---

[2] In his reply, Davis cites United Rentals v. Pruett, 296 F.Supp.2d 220 (D. Conn. 2003), for the proposition that under Connecticut choice-of-law principles, California law should apply to this case.  Defendants have not had the opportunity to respond to this argument.  As Davis contends, the circumstances at issue in United Rentals were similar in many ways to those in this case.  Nevertheless, there are differences, which, after full briefing, might affect the analysis.  For instance, the employee in United Rentals left one California company and went to work for another.  Id. at 232.  Here, Davis left a California company to work for one based in Washington.  Thus, it is not certain that California law should apply.  Moreover, even if California law did apply, further briefing, research and analysis would be required to determine whether it provides Davis with a successful defense to the non-competition provisions of his contract.

before the horse.  Accordingly, the fact that Davis may have a valid defense is irrelevant to determining the amount in controversy.

It is clear that the amount in controversy here exceeds $75,000.  "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."  <u>Hunt v. Washington State Apple Advertising Com'n</u>, 432 U.S. 333, 347 (1977) (citations omitted).  Where the object of the litigation is a noncompetition agreement designed to protect a company's confidential information, the value to the company of protecting that information is the amount in controversy.  <u>See</u> <u>Union Pacific R. Co. v. Mower</u>, 219 F.3d 1069, 1071 n.1 (9th Cir. 2000).  Given the undisputed nature and scale of defendants' business, the value of the trade secrets and other confidential information known to Davis surely exceeds $75,000.

It is worth noting that the value of the controversy also exceeds the jurisdictional minimum from Davis's perspective. Judging by his compensation when employed by defendants, Davis would stand to lose well over $75,000 if he were prevented from working in his new position for two years.

///

///

For the above stated reasons, the motion to remand is DENIED.

IT IS SO ORDERED.

Dated:  May 1, 2007

```
                                    /s/ David F. Levi_____
                                    DAVID F. LEVI
                                    United States District Judge
```