IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL DAVIS,

    Plaintiff,

  v.

ADVANCED CARE TECHNOLOGIES, INC., WORLD WIDE TECHNOLOGIES, LLC, and BRACHYSCIENCES, INC.,

    Defendants.

No. Civ. S-06-2449 RRB DAD

**Memorandum of Opinion<br>and Order<br>GRANTING Attorney Fees**

    Paul Davis ("Davis") filed an action against his former employers Advanced Care Technologies, Inc. ("ACM"), World Wide Medical Technologies, LLC ("World Wide"), and BrachySciences, Inc. ("BrachySciences") (collectively "Defendants") seeking a determination that the Non-Competition Agreement in his employment contract was invalid and unenforceable. Davis successfully moved for summary judgment on the ground that the restrictive covenants in the Non-Competition Agreement were void and unenforceable under California law. Davis now moves for

attorney's fees pursuant to California Civil Code § 1717. For the reasons stated below, the court **GRANTS** the motion.[1]

**I.**

**A.  Civil Code § 1717**

In a diversity case, the law of the state in which the district court sits determines whether a party is entitled to attorney fees. Carnes v. Zamani, 488 F.3d 1057, 1059 (9th Cir. 2007). California Civil Code § 1717 provides: "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs." Cal. Civ. Code § 1717(a). California courts liberally construe "on a contract" to include any action that involves a contract where one of the parties would be entitled to recover attorney fees

---

[1]  Inasmuch as the Court concludes the parties have submitted memoranda thoroughly discussing the law and evidence in support of their positions, it further concludes oral argument is neither necessary nor warranted with regard to the instant matter. See Mahon v. Credit Bureau of Placer County, Inc., 171 F.3d 1197, 1200 (9th Cir. 1999)(explaining that if the parties provided the district court with complete memoranda of the law and evidence in support of their positions, ordinarily oral argument would not be required).

under the contract if that party prevails in its lawsuit.  In re Baroff, 105 F.3d 439, 442-43 (9th Cir. 1997).  "'Section 1717 was enacted to establish mutuality of remedy where [a] contractual provision makes recovery of attorney's fees available for only one party [citations], and to prevent oppressive use of one-sided attorney's fees provisions.'"  Hsu v. Abbara, 9 Cal. 4th 863, 870 (1995); Brittalia Ventures v. Stuke Nursery Co., Inc., 153 Cal. App. 4th 17, 29 (2007).

In the present case, the parties entered into an employment contract containing restrictive non-competition covenants.  The parties agreed that: "In the event that Employee violates any of the covenants . . . and the Company or any of its Affiliates is required to seek enforcement of such, . . . Employee shall be responsible for all reasonable attorney's fees and costs incurred by the Company or the Affiliates in the enforcement of [such] covenants. . . ."  After leaving Defendants employ, Davis filed the underlying declaratory relief action seeking a determination that the restrictive covenants in the Non-Competition Agreement were invalid and unenforceable under California law.  Davis prevailed and now seeks to recover attorney's fees under § 1717.  For their part, Defendants argue that Davis is not entitled to attorney's fees because his action was not "an action on the contract" within the meaning of § 1717.  Alternatively, Defendants argue that Davis is not

entitled to attorney's fees under § 1717 because Defendants would not have been able to recover attorney's fees had they prevailed in the underlying proceedings.  Defendants' arguments lack merit.

It is well settled that "a party is entitled to attorney fees under section 1717 'even when the party prevails on grounds the contract is inapplicable, invalid, unenforceable or nonexistent, if the other party would have been entitled to attorney's fees had it prevailed.'"  Hsu, 9 Cal. 4th at 870; Yuba Cypress Housing Partners, Ltd. v. Area Developers, 98 Cal. App. 4th 1077, 1081 (2002); Brittalia Ventures, 153 Cal. App. 4th at 29.  The purpose of this rule is to establish mutuality of remedy where a contractual provision makes recovery of attorney's fees available for only one party, and to prevent oppressive use of one-sided attorney's fees provisions.  Hsu, 9 Cal. 4th at 870; Brittalia Ventures, 153 Cal. App. 4th at 29. Because the purpose of this rule would be subverted if its benefits were denied to parties who defeat contract claims, the statute applies in favor of the party prevailing on a contract claim whenever that party would have been liable under the contract for attorney's fees had the other party prevailed. Hsu, 9 Cal.4th at 870-71; see Milman v. Shukhat, 22 Cal. App. 4th 538, 545 (1994) (observing that "[a]s long as an action involves a contract, and one of the parties would be entitled to

recover attorney fees under the contract if that party prevails in its lawsuit, the other party should also be entitled to attorney fees if it prevails, even if it does so by successfully arguing the inapplicability, invalidity, unenforceability, or nonexistence of the same contract"); see also <u>Star Pacific Investments, Inc. v. Oro Hills Ranch, Inc.</u>, 121 Cal. App. 3d 447, 460-61 (1981) (holding that an action brought to cancel an agreement was an action on the contract within the meaning of § 1717).

Based on the foregoing, the court concludes that Davis is entitled to attorney's fees pursuant to § 1717 because he is the prevailing party in an action "on the contract" as his declaratory relief action sought a determination of the parties' rights under the Non-Competition Agreement. See <u>City and County of San Francisco v. Union Pacific R.R. Co.</u>, 50 Cal. App. 4th 987, 1000 (1996) (action for declaratory relief seeking a determination of the rights of the parties under a contract is "on the contract" within the meaning of § 1717); <u>Harbour Landing-Dolfann, Ltd. v. Anderson</u>, 48 Cal. App. 4th 260, 263 (1996) (declaratory relief action was "on the contract" where party sought to enforce rights under a contract). Moreover, because Defendants would have been entitled to attorney's fees had they filed a breach of contract action and successfully argued that the restrictive covenants in the Non-Competition

Agreement were valid and enforceable, Davis is entitled to fees for successfully arguing in his declaratory relief action that such covenants are invalid and unenforceable under California law.[2] Indeed, such an outcome comports with the mutuality of remedy established by § 1717.[3]

---

[2] See Harbour-Landing, 48 Cal. App. 4th at 263 (concluding that a landlord was entitled to attorney's fees where tenant brought a declaratory relief action seeking a determination of the parties' rights regarding a rent increase because had the landlord filed a suit for breach of contract based on the tenant's non-payment of the rent the landlord would have been entitled to attorney fees).

[3] To the extent that Defendants' rely on Gil v. Mansano, 121 Cal. App. 4th 739 (2004) to support their position that Davis is not entitled to recover attorney's fees, such reliance is misplaced. Gil is distinguishable from the present circumstances because in that case the court reversed an award of attorney's fees on the ground that a contractual defense to a fraud cause of action was not "an action on the contract." Id. at 743-45. Here, unlike in Gil, Davis did not assert a contractual defense to a tort cause of action; rather, he brought a declaratory relief action seeking to invalidate the restrictive covenants in the Non-Competition Agreement. As such, Davis' action was an action "on the contract" within the meaning of § 1717. Additionally, to the extent that Defendants' rely on Yoo v. Jho, 146 Cal. App. 4th 1249 (2007) to support their position that Davis cannot recover fees, such reliance is misplaced. Yoo is distinguishable from the present case because in that case the court refused to award attorney's fees on the ground that the object of the contract was illegal, not because it was found to be void and unenforceable. Id. at 1256. Therefore, because the object of the Non-Competition Agreement was not illegal, Defendants' reliance on Yoo is unavailing. See Yuba Cypress Housing Partners, 98 Cal. App. 4th at 1082 (while courts generally will not enforce an illegal contract as there is no need for a mutual right to attorney fees since neither party can enforce the agreement, "[a] party to a contract who successfully argues its illegality stands on different ground than a party who prevails in an action on a contract by convincing the court the contract is inapplicable, invalid,

**B.   Lodestar**

Defendants argue that the attorney's fees sought by Davis are excessive because they include fees related to an unsuccessful motion to remand. Defendants argue that such fees should be excluded from any fee award.

"When a party prevails in litigation regarding a contract which contains an attorney fee clause, Civil Code section 1717 directs that, upon motion of the prevailing party, '[r]easonable attorney's fees shall be fixed by the court, and shall be an element of the costs of suit.'" Yuba Cypress Housing Partners, 98 Cal. App. 4th at 1083. In California, the fee setting inquiry "ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate. 'California courts have consistently held that a computation of time spent on a case and the reasonable value of that time is fundamental to a determination of an appropriate attorneys' fee award.'" PLCM Group v. Drexler, 22 Cal. 4th 1084, 1095 (2000). "The reasonable hourly rate is that

---

nonexistent or unenforceable for reasons other than illegality"). Although covenants not to compete are void and unenforceable under California law, such covenants are valid and enforceable in other states. See Application Group, Inc. v. Hunter Group, Inc., 61 Cal. App. 4th 881 (1998) (Maryland law will enforce non-competition agreements so long as they are reasonable in scope and duration); United Rentals, Inc. v. Pruett, 296 F. Supp. 2d 220 (D. Conn. 2003) (Connecticut law will enforce certain employment contracts restricting the mobility of employees and the exercise of free competition).

prevailing in the community for similar work." Id. The prevailing party bears the burden to prove the appropriate market rate to be used in calculating the lodestar. MBNA America Bank, N.A. v. Gorman, 147 Cal. App. 4th Supp. 1, 13 (2006). This burden may be satisfied through affidavits, without additional evidence. Id. "Moreover, in assessing a reasonable hourly rate, the trial court is allowed to consider the attorney's skill as reflected in the quality of the work, as well as the attorney's reputation and status." Id. (citing Ketchum v. Moses, 24 Cal. 4th 1122, 1139 (2001)).

"Under the lodestar method, a party who qualifies for a fee should recover for all hours reasonably spent unless special circumstances would render an award unjust." Vo v. Las Virgenes Municipal Water Dist., 79 Cal. App. 4th 440, 446 (2000) (citing Serrano v. Unruh, 32 Cal. 3d 621, 632-33 (1982)); MBNA America Bank, 147 Cal.App.4th Supp. at 12. "Time is compensable if it was reasonably expended and is the type of work that would be billed to a client." MBNA American Bank, 147 Cal. App. 4th Supp. at 12.[4] The prevailing party bears the burden of documenting the appropriate hours expended and must submit

---

[4] When attorney fees are statutorily authorized, compensable time includes the reasonable expenses of preparing the motion seeking attorney fees. Estate of Trynin, 49 Cal. 3d 868, 875 (1989).

evidence in support of those hours worked. Gates v. Deukmejian, 987 F.2d 1392, 1397 (9th Cir. 1992) (citing Hensley v. Eckerhart, 461 U.S. 424, 433, 437 (1983)).[5] The opposing party bears the burden of rebuttal, which requires the submission of evidence challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits. Gates, 987 F.2d at 1397-98.

Trial courts are vested with broad authority in determining a reasonable fee, including adjusting the lodestar figure based on case specific factors in order to ensure that the fee reflects the fair market value for legal services provided. PLCM Group, 22 Cal. 4th at 1095. "The value of legal services performed in a case is a matter in which the trial court has its own expertise" and should be determined "after consideration of a number of factors, including the nature of the litigation, its difficulty, the amount involved, the skill required in its handling, the skill employed, the attention given, the success or failure, and other circumstances in the case." Id. at 1096 quotation marks omitted).

---

[5] See Weber v. Langholz, 39 Cal. App. 4th 1578 (1995) (absence of time records and billing statements does not deprive trial court of substantial evidence to support attorney fee award, where attorney declares hourly billing rates, states that all fees incurred were connected to attorney's services, states the total fees incurred and summarizes work done).

In the instant motion, Davis seeks attorney's fees and costs in the amount of $35,175.76. Specifically, Davis seeks $27,416.76 for fees incurred in litigating the underlying matter. This figure is based on 122 hours billed at hourly service rates of $290 and $240, respectively.[6] The hours include time spent drafting the Complaint, litigating the motion to remand, preparing the Joint Status Report, reviewing the court's pre-trial scheduling order and drafting the motion for summary judgment. Additionally, Davis seeks $7,388.00 for fees incurred in preparing the attorney's fees motion.[7] Finally, Davis seeks $371.00 in costs.

Davis argues that the fee award requested is reasonable based on the experience of counsel, the complexity of the issues and the result obtained. For their part, Defendants do not dispute the reasonableness of the hourly billing rates or costs. Rather, Defendants dispute the amount of hours billed insofar as the billed hours include fees incurred in connection with Davis' motion to remand. Defendants contend that such fees should be

---

[6] The declaration of Davis' counsel attests that the attorneys in the underlying litigation have 10 and 15 years of experience in labor and employment law, respectively.

[7] The declaration of Davis' counsel attests that two attorneys prepared the reply brief in support of Davis' motion for attorney's fees. One of the attorneys has 10 years of experience in labor and employment law while the other is an associate. The hourly service rates charged were $240 and $200, respectively.

Case 2:06-cv-02449-RRB-DAD   Document 38   Filed 09/26/07   Page 11 of 11

disallowed because Davis was unsuccessful in litigating this motion and it was unrelated to his prevailing claim.  The motion to remand, however, was part of the hours reasonably spent in litigating the underlying declaratory relief matter and was not a separate claim, but rather a method of pursuing Davis' ultimately successful claim.  As such, the court declines to significantly reduce the lodestar figure.

Accordingly, because counsel's hourly rates and the total amount of hours spent and costs incurred are generally reasonable, and considering all the cirtcumstances and argument of the parties, the court concloudes that Davis is entitled to attorney fees and costs in the amount of $30,175.76.

**II.**

For the above stated reasons, the motion for attorney's fees is GRANTED.

**IT IS SO ORDERED.**

ENTERED this 25th day of September, 2007.

                                         s/RALPH R. BEISTLINE
                                         UNITED STATES DISTRICT JUDGE

11